OPINION
{¶ 1} On March 14, 1998, Ann Huzyak was injured in a motor vehicle accident caused by Paul Gregory. Both Mr. Gregory's personal auto policy issued by Erie Insurance Company and Ms. Huzyak's personal auto policy issued by Nationwide Insurance Company paid the limits to Ms. Huzyak.
 {¶ 2} At the time of the accident, Ms. Huzyak was employed with Nationwide, insured under a business auto policy and a commercial general liability policy issued by Wausau Insurance Company. Ms. Huzyak's parents were insured under a personal auto policy and an umbrella policy issued by Nationwide. Ms. Huzyak's father was employed with Mannesman Demag Corporation, insured under a business auto policy issued by American Insurance Company, and a commercial general liability policy and a commercial umbrella policy issued by Allianz Insurance Company.
 {¶ 3} On September 10, 1999, Ms. Huzyak filed a complaint against Nationwide seeking underinsured motorists benefits under her parents' policies. On December 15, 2000, Nationwide agreed to advance $1,000,000 to Ms. Huzyak.
 {¶ 4} On October 17, 2001, Nationwide filed a third-party complaint against Wausau, American and Allianz seeking contribution, indemnification and/or subrogation. All parties filed motions for summary judgment. By judgment entry filed December 9, 2002, the trial court found coverage to exist under Wausau's business auto policy only. The trial court concluded Wausau's policy provided primary coverage to Nationwide's excess coverage.
 {¶ 5} Wausau filed an appeal and assigned the following errors:
 I {¶ 6} "THE TRIAL COURT ERRED BY EXTENDING UIM COVERAGE TO PLAINTIFF UNDER SCOTT-PONTZER BECAUSE THE POLICY SPECIFICALLY NAMES INDIVIDUALS IN ADDITION TO THE CORPORATION THEREFORE REMOVING THE AMBIGUITY UNDER WHICH THE COURT IN SCOTT-PONTZER FOUND COVERAGE."
 II {¶ 7} "THE TRIAL COURT ERRED BY HOLDING THAT THE WAUSAU UNINSURED MOTORISTS COVERAGE ARISES BY OPERATION OF LAW."
 III {¶ 8} "THE TRIAL COURT ERRED BY NOT APPLYING THE GENERAL POLICY CONDITIONS AND NOT HOLDING THAT WAITING TWO YEARS TO NOTIFY A UIM INSURER IS PREJUDICIAL."
 IV {¶ 9} "THE TRIAL COURT ERRED BY NOT APPLYING THE GENERAL POLICY CONDITIONS AND ALLOWING UIM COVERAGE WHEN AN INSURED SETTLES WITH THE TORTFEASOR IN VIOLATION OF THE TERMS IN THE POLICY AND DESTROYS INSURERS SUBROGATION RIGHTS."
 V {¶ 10} "THE TRIAL COURT ERRED BY HOLDING THE WAUSAU BUSINESS AUTO POLICY WAS PRIMARY AND THE NATIONWIDE POLICIES PROVIDED EXCESS UIM COVERAGE."
 {¶ 11} Nationwide filed a cross-appeal and assigned the following errors:
 NATIONWIDE CROSS-ASSIGNMENT OF ERROR I {¶ 12} "THE TRIAL COURT ERRED BY HOLDING THAT THE WAUSAU GENERAL LIABILITY POLICY DID NOT CONTAIN UIM COVERAGE BY OPERATION OF LAW."
 NATIONWIDE CROSS-ASSIGNMENT OF ERROR II {¶ 13} "THE TRIAL COURT ERRED BY HOLDING THAT THE AMERICAN POLICY DID NOT PROVIDE UIM COVERAGE BASED UPON A DESTRUCTION OF SUBROGATION AND LATE NOTICE BY HUZYAK AND/OR NATIONWIDE."
 {¶ 14} Although the trial court found in American's favor, American has assigned the following errors to defend the trial court's judgment on grounds other than those relied on by the trial court:
 AMERICAN CROSS-ASSIGNMENT OF ERROR I {¶ 15} "THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE DRIVE OTHER CAR COVERAGE ENDORSEMENT IN AMERICAN'S POLICY DOES NOT ELIMINATE THE SCOTT-PONTZER V. LIBERTY MUT. FIRE INS. CO., 85 OHIO St.3d 660,710 N.E.2d 1116 (1999) AMBIGUITY, SUCH THAT PLAINTIFF IS NOT AN `INSURED' UNDER AMERICAN'S POLICY."
 AMERICAN CROSS-ASSIGNMENT OF ERROR II {¶ 16} "THE TRIAL COURT ERRED IN FAILING TO FIND THAT ANY COVERAGE PROVIDED BY AMERICAN IS EXCESS TO NATIONWIDE'S COVERAGE."
 {¶ 17} At the outset, we note the trial court decided the issues on summary judgment. Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447,448, 1996-Ohio-211:
 {¶ 18} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 19} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I, II {¶ 20} Wausau claims the trial court erred in extending coverage under its business auto policy pursuant to Scott-Pontzer v. LibertyMutual Fire Insurance Co., 85 Ohio St.3d 660, 1999-Ohio-292, and Ezawav. Yasuda Fire and Marine Ins. Co., 86 Ohio St.3d 557, 1999-Ohio-124, and erred in determining underinsured motorists coverage arose by operation of law. Further, Wausau claims the "Drive Other Car Coverage Endorsement — Broadened Coverage for Named Individuals" removed the ambiguity of "you" found in Scott-Pontzer.
 {¶ 21} In order to properly address whether the endorsement controls, it is first necessary to determine if uninsured/underinsured motorists coverage arose by operation of law. As we have stated in Greenev. Westfield Insurance Co., Stark App. No. 2002CA00114, 2002-Ohio-6179, at ¶ 24-26, conditions and restrictions do not apply when uninsured/underinsured motorists coverage arises by operation of law. See, also, Butcher v. Lewis, Stark App. No. 2001CA00219, 2002-Ohio-1858.
 {¶ 22} Upon review, we find the formalities of Linko v. IndemnityInsurance Company of North America, 90 Ohio St.3d 445, 2000-Ohio-92, were not followed by the parties. The amount of liability coverage in the business auto policy was $10,000,000 whereas the uninsured/underinsured motorists coverage was only written for $1,000,000. The policy did not include a rejection or election to reduce coverage pursuant to Linko. Wausau does not contest this fact, but argues the $1,000,000 notation was a "typographical mistake or inadvertent error" and the policy should be reformed to include $10,000,000 in uninsured/underinsured motorists coverage thereby making it "unnecessary for coverage to arise out of operation of law." Wausau's Brief at 8. We fail to find any substantive proof of the error. Absent a Linko rejection or election to reduced coverage, we agree with the trial court and find uninsured/underinsured motorists coverage under the Wausau business auto policy arises by operation of law.
 {¶ 23} Because uninsured/underinsured motorists coverage arises by operation of law, we must look to the definition of "Who Is An Insured" under the liability portion of Wausau's policy to see if Scott-Pontzer
applies. The policy defines an "insured" as follows:
 {¶ 24} "a. You for any covered `auto.'
 {¶ 25} "b. Anyone else while using with your permission a covered `auto' you own, hire or borrow except:
 {¶ 26} "(1) The owner or anyone else from whom you hire or borrow a covered `auto.' This exception does not apply if the covered `auto' is a `trailer' connected to a covered `auto' you own.
 {¶ 27} "(2) Your employee if the covered `auto' is owned by that employee or a member of his or her household.
 {¶ 28} "(3) Someone using a covered `auto' while he or she is working in a business of selling, servicing, repairing or parking `autos' unless that business is yours.
 {¶ 29} "(4) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered `auto'." See, Section II(A)(1) of the Business Coverage Auto Form, attached to Nationwide's Brief as Exhibit D.
 {¶ 30} By using the rationale of Scott-Pontzer, the "you" becomes Ann Huzyak. The next analysis is what constitutes a covered auto. The definition of a "covered auto" applicable to this case is as follows:
 {¶ 31} "OWNED `AUTOS' ONLY. Only those `autos' you own (and for Liability Coverage any `trailers' you don't own while attached to power units you own). This includes those `autos' you acquire ownership of after the policy begins." See, Section I(A)(2) of the Business Auto Coverage Form, attached to Nationwide's Brief as Exhibit D.
 {¶ 32} A "covered auto" is defined as "[o]nly those `autos' you own." By substituting Ann Huzyak for "you," a covered auto is any auto Ann Huzyak uses. Based upon this reasoning, we find Ms. Huzyak is an insured under Wausau's business auto policy and therefore is entitled to uninsured/underinsured motorists coverage by operation of law.
 {¶ 33} Assignments of Error I and II are denied.
 III, IV {¶ 34} Wausau claims the trial court erred in not applying the "prompt notice" and "subrogation" provisions of the business auto policy. We disagree.
 {¶ 35} As discussed supra, coverage under this policy arose by operation of law. As a result, conditions and restrictions do not apply.Greene, supra; Szekeres v. State Farm Fire and Cas. Co., Licking App. No. 02CA00004, 2002-Ohio-5989; Butcher v. Lewis, Stark App. No. 2001CA00219, 2002-Ohio-1858.
 {¶ 36} Assignments of Error III and IV are denied.
 V {¶ 37} Wausau claims the trial court erred in determining its policy was primary to Nationwide's policy.
 {¶ 38} Ms. Huzyak was an insured under her parents' Nationwide policies as a family resident of their household. Nationwide's "other insurance" language under its uninsured motorists coverage provides as follows in pertinent part:
 {¶ 39} "1. If there is other insurance for bodily injury suffered by an insured while occupying a motor vehicle other than your auto, our coverage is excess over any other collectible:
 {¶ 40} "a) insurance;
 {¶ 41} "b) self insurance;
 {¶ 42} "c) proceeds from a governmental entity; or
 {¶ 43} "d) sources or recovery other than workers' compensation benefits." See, Endorsement 2352A, attached to Nationwide's Brief as Exhibit B.
 {¶ 44} It is agreed Ms. Huzyak's auto was a leased vehicle not owned by her or her parents. Therefore, this provision is controlling and Nationwide's coverage is excess to Wausau's coverage. Further, the general conditions language of Nationwide's personal umbrella policy clarifies it is "excess over any other valid and collectable insurance." See, Personal Umbrella Policy, attached to Nationwide's Brief as Exhibit C. The umbrella policy's uninsured/underinsured motorists coverage establishes it is excess coverage. See, Uninsured Motorists Coverage Endorsement Personal Umbrella Liability Policy, attached to Nationwide's Brief as Exhibit C.
 {¶ 45} Given the plain meaning of the "other insurance" clauses of the Nationwide policies, we find Nationwide's coverage to be excess coverage.
 {¶ 46} Assignment of Error V is denied.
 NATIONWIDE CROSS-ASSIGNMENT OF ERROR I {¶ 47} Nationwide concedes this court need only address this cross-assignment of error in the event of a reversal on Wausau's assignments of error. Nationwide Brief at 17-18. Having denied all five, we find this cross-assignment of error to be moot.
 NATIONWIDE CROSS-ASSIGNMENT OF ERROR II {¶ 48} Nationwide claims the trial court erred in finding no coverage under the American business auto policy due to a breach of the notice and subrogation provisions. We agree and remand the issue of notice and subrogation pursuant to Ferrando v. Auto-Owners Mut. Ins.Co., 98 Ohio St.3d 186, 2002-Ohio-7217.
 AMERICAN CROSS-ASSIGNMENT OF ERROR I {¶ 49} American claims the trial court should have found no coverage given the "Drive Other Car Coverage" endorsement. Specifically, American claims the endorsement abrogates the ambiguity found inScott-Pontzer.
 {¶ 50} Although the trial court found no coverage under American's business auto policy, we will address this issue. The trial court found the endorsement did not eliminate the Scott-Pontzer ambiguity, but found no coverage due to a breach of the notice and subrogation provisions.
 {¶ 51} American concedes its definition of an "insured" is the same as the definition considered in Scott-Pontzer. American's Brief at 10. The term "you" must be defined the same way throughout the policy. See, United Ohio Company v. Bird (May 18, 2001), Delaware App. No. 00CA31, adopting the philosophy of Lyttle v. Progressive CasualtyInsurance Co. (February 4, 1999), Cuyahoga App. No. 73620. Therefore, the "you" is Ms. Huzyak's father and his family members, Ms. Huzyak.
 {¶ 52} However, American argues Endorsement No. CA 99 10 12 93, Drive Other Car Coverage — Broadened Coverage for Named Individuals, removes the case from Scott-Pontzer analysis. In support, American cites Section C, attached to American's June 7, 2002 Motion for Summary Judgment as Exhibit 3:
 {¶ 53} "Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverage
 {¶ 54} "The following is added to WHO IS AN INSURED:
 {¶ 55} "Any individual named in the Schedule or in the Declarations and his or her family members are insureds while occupying or while a pedestrian when being struck by any auto you don't own except:
 {¶ 56} "Any auto owned by that individual or by any family member."
 {¶ 57} According to this definition, uninsured/underinsured motorists coverage is broadened to include the Huzyaks except for when occupying any vehicle they own. As stated supra, Ms. Huzyak was not operating a vehicle owned by her or her parents.
 {¶ 58} Upon de novo review, we find the endorsement does not operate to preclude coverage under American's business auto policy.
 {¶ 59} American Cross-Assignment of Error I is denied.
 AMERICAN CROSS-ASSIGNMENT OF ERROR II {¶ 60} American claims the trial court erred in failing to find American's coverage is excess to Nationwide's coverage. Because the trial court found no coverage under American's policy, it was not necessary for the trial court to determine the excess issue. However, in light of this court's decision in Nationwide Cross-Assignment of Error II, we will address this issue.
 {¶ 61} American's "other insurance" language under its uninsured motorists coverage provides as follows:
 {¶ 62} "The CONDITIONS of the policy for OHIO UNINSURED MOTORISTS INSURANCE are changed as follows:
 {¶ 63} " * * *
 {¶ 64} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 65} " * * *
 {¶ 66} "b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis." See, Endorsement CA 21 33 06 95, attached to American's June 7, 2002 Motion for Summary Judgment as Exhibit 3.
 {¶ 67} Because Ms. Huzyak's auto was a leased vehicle not owned by her or her parents, this provision is controlling and any coverage American would be liable for would be excess to Wausau's coverage.
 {¶ 68} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, J. and, Boggins, J. concur.